NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MOSER-DOWNUM INVESTMENT GROUP, LLC (A California Limited Liability Company) | : : : : : | Civ. Action No. 08-776 |
| Plaintiff | : : | **OPINION** |
| v. | : : | |
| KENNEDY FUNDING, INC. (A Corporation under the laws of the State of New Jersey); JEFFERY WOLFER; KEVIN WOLFER; GREG WOLFER; JOHN DOE 1-10 )Fictitious names for the person(s), attorneys and/or entity responsible for the damages complained of by the Plaintiff herein) | : : : : : : : : : | October 21, 2008 |
| Defendants. | : : | |

**Wigenton**, District Judge.

Before the Court is Plaintiff's, John Moser, M.D., ("Moser") Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), as to Defendant's, Kennedy Funding, Inc. ("KFI"), Kevin Wolfer, Jeffery Wolfer, and Gregg Wolfer (collectively, the "KFI Defendants") Counterclaim against John Moser, M.D. in his individual capacity. The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Fed. R. Civ P. 78. For the reasons discussed below, the Court denies Moser's Motion to Dismiss for Failure to State a Claim.

**Factual Background**

On October 23, 2006, Plaintiff, Moser-Downum Investment Group, LLC ("Moser-Downum") and Defendant KFI entered into a loan commitment agreement ("Commitment Agreement"), wherein KFI agreed to loan Moser-Downum certain funds for the purchase and development of approximately 850 acres of real property located in Fresno, California, upon Moser-Downum meeting specific loan conditions. Moser, a principal of Moser-Downum, executed the Commitment Agreement, on behalf of Moser-Downum; he also separately executed the Commitment Agreement individually and as guarantor.

The Commitment Agreement provides for the payment of a Commitment Fee in the amount of One Million Nine Hundred Forty Thousand Dollars ($1,940,000) in two installments; the first installment was due upon the execution of the Commitment Agreement, the second was due upon the closing of the loan or upon Moser-Downum electing not to proceed to closing of the loan. Moser-Downum made a partial payment in the amount of $985,000.00 against the total Commitment Fee amount of $1,940,000.00.[1] The loan subsequently failed to close.

After the loan failed to close and KFI refused to return the partial loan commitment fee, Moser-Downum filed a Complaint on February 13, 2008, and an eleven count Amended Complaint against the KFI Defendants, on February 21, 2008 asserting: 1) violation of the Racketeer Influenced Corruption Act; 2) Unjust Enrichment (two counts); 3) Breach of Contract; 4) Breach of the Covenant of Good Faith and Fair Dealing; 5) Common Law Fraud; 6) violation of the New Jersey Consumer Fraud Statute;

---

[1] The partial commitment fee was paid by Moser-Downum to KFI as follows: $10,000.00 on October 6, 2006; $325,000.00 on October 25, 2006; and $650,000.00 on December 7, 2006.

2

7) Illusory Contract; 8) Void Option Contract; 9) Declaratory Judgment; and 10) Unconscionable Contract.

On April 8, 2008, the Defendants filed an Answer and Counterclaim against Plaintiff Moser-Downum and Moser, individually and as guarantor, to recover the balance of the loan commitment fee; $965,000.00.

For purposes of the instant application, the Court will not address the various allegations as to why the loan failed to close. The allegations are not germane to this Motion.

On August 4, 2008, Counterclaim Plaintiff Moser filed the instant Motion to Dismiss, contending that he is not a proper Plaintiff to Defendants' Counterclaim because he is not a party to the original complaint. Specifically, Moser asserts that the Counterclaim against him fails under Federal Rules of Civil Procedure 13, 19 and 20. Defendants submit that their counterclaim is proper and in accordance with the Federal Rules of Civil Procedure. Defendants contend that the counterclaim is properly asserted against Moser; Moser's claim that his liability is contingent upon KFI's liability is without merit; the counterclaim will not result in any prejudice, expense, or delay; the counterclaim is appropriate because the claim arises out of the same transaction or occurrence that is the subject of the Complaint; and a counterclaim based on Moser signing the commitment agreement both individually and as a guarantor, is proper.

**Legal Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in a light most favorable to the non-moving party.

*Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977).

**Defendants' Counterclaim Against Moser, Individually, Is Proper**

Fed. R. Civ. P. 13(h) states "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."

Fed. R. Civ. P. 19: Required Joinder of Parties, states in pertinent part:

> a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (B) that person claims an interest relating to the subject of the action and is so situated the disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the persons ability to protect the interest. . .

In the present case, it is undisputed that Moser personally guaranteed the loan commitment. The loan commitment agreement and the facts surrounding same are the subject of both Moser-Downum's and KFIs' claims. KFIs' claim against Moser arises out of the same transaction that is the subject of the Moser-Downum's complaint. If the KFI Defendants succeed on their counterclaim, they have a right to collect from Moser because he personally guaranteed the loan commitment. If the Court were to dispose of this matter in the absence of Moser, as a practical matter, his ability to protect his interest

4

will be impaired. If Moser-Downum is found to be liable to KFI, Moser himself may be responsible to KFI as a personal guarantor of the loan commitment. In other words, proceeding without Moser will directly affect his liability to the KFI Defendants because he may be personally responsible for Moser-Downum's liability to the KFI Defendants. Hence, he will have lost his ability to defend his interest because he was not a party to this litigation. Thus, pursuant to Fed. R. Civ. P. 19, Moser is required to be joined as a party. Moser's Motion to Dismiss for Failure to State a Claim is hereby denied.

**Conclusion**

For the foregoing reasons, Moser's Motion to Dismiss the Counterclaim is hereby denied.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
Cc:     Judge Arleo
        Parties